to our final arguments of the day. My understanding is that both Ms. Applewhite and Ms. Salahuddin would like to argue today and that Ms. Applewhite will be arguing for three minutes and Ms. Salahuddin will be arguing for two minutes. Is that correct?  Yes. All right. Then you two may be seated and whichever one of you is going to go first, you can come to the podium and let us know who you are and we'll set the right amount of time. So you are Ms. Salahuddin? Yes, I am. All right. We're going to set the clock then. We have done for two minutes. So what you'll see is that normally the yellow light comes on at two minutes. So it's going to be yellow the whole time you're up, but it will come on red after two minutes and that will mean that your time is up and then we'll hear from your fellow plaintiff. Before you start?  If it pleases the court, may I? Why don't you... Hang on one second. So why don't you move those microphones closer to you? Yep. As you were doing. Pull them... Angle them to you. Yep. And pick... You can pick one. And now what were you going to ask me? Yes. If it pleases the court, Honorable Judge Jacob, Miriam, and Chen, that we can show the exhibit for oral arguments. So I received a motion from you all seeking that and I denied that motion yesterday.  So at this point in the process, it's... We're very far into this process and so we're not accepting additional materials at this time. The only exception we usually have to that is if a new case comes out, the lawyers will let us know or the parties will let us know, but we're not going to accept at this time new materials in support of the claims. Okay. And I thank you so much. So when you're ready to begin, we'll go ahead and start. May it please the court.             Your Honors, my name is Jamila Salahuddin. This is Dr. Carmen Applewhite. We're teachers. We started this case on behalf of disabled children, special needs students, and teachers who were retaliated against for speaking up. This appeal case is about the missteps, the errors, legal errors of the lower court that we would like for you to definitely avoid re-examination. We never abandoned the waivers. We never abandoned our waiver for any of the claims. We never. The district court overlooked the merits of the case, which is all factual, the public concern that is needed to know, the spirit of the law, the contents of our employment, nature of the educational setting that we're in, the contents of the pro se, the special disabilities of the students, the teachers, and also the religion. It was not looked into. So we are asking that we humbly request that the honor to overturn the decision of the lower court.  Thank you, Madam. We can turn that to Ms. Applewhite. May it please the court, my name is Dr. Carmen Applewhite, and I'm a New York City public school teacher and special education teacher. We have come before the court to ask that the court will review our case and review the information that we submitted in appeal to the decision by the lower courts not to go forward with our case and not allow us to amend our second amended complaint. As my colleague stated, we filed the case in federal court based on discriminatory practices by the Department of Education and the fact that they refused to hear the facts in our case related to children being denied services. That was the basis of us originally going to the media and going to a higher ups in the Department of Education to get some relief because we were being retaliated against for reporting this information about what was happening to children. So we've come before this court because as we stated, the lower court denied our request based on what the Department of Education had submitted. And we are here to say that we were pro se litigants. We're not, you know, we're not versed in law, but we know we have a moral compass and we know what's right and what was being done to people's children were wrong and what's happening to teachers now in the public school system and what happened to us personally for speaking out and standing up for the kids and going to the mayor and going to all the officials about what was happening, raising the alarm was wrong and we should have a right to state what has happened to us, what is continuing to happen to us, what is happening still, I am still in the system, what is happening to special needs kids in my class, they're not getting services. We're not getting materials to work with them. We're not getting what we need to help the children to succeed. And this is a matter of public interest because as you know, based on the fact that children are being poorly educated, we have a big deficit in reading in our country, we have kids with special needs who are in our court systems daily, who are constantly being incarcerated because of the fact that they did not receive proper services and they did not receive what they need to be successful adults in society. So we're asking that the court look at our case and based on the merits of our case and the facts that we submitted, that the court make a decision to rescind the lower court's decision and to allow us to submit the complaint as we stated. So that's what we're asking and we'd like the court to look at Rule 60 and we'd like the court to consider it under Trial De Novo, the facts of that case regarding plaintiffs that are pro se who should be given leniency and how they present their case. But like I said, we're not lawyers. We didn't know what to do. We didn't even want to come to court. We tried to resolve this internally. That's why we went to all the places. That's why we spoke to all the people and we felt that our hands were forced that made us go to the media. Thank you. Thank you both for your presentations. We'll hear from Mr. Kerfman on behalf of the city. May it please the court, Jeff Kerfman on behalf of the Appalese. The plaintiffs have focused this action on alleged systemic issues in the New York City school system without pleading the basic elements of their legal claims. They filed two complaints represented by counsel and had two opportunities to amend before the district court dismissed their second amended complaint. On this appeal, both in their opening and reply briefs, they make no effort to identify specific errors in the decision below and instead attempt to append additional material. They have presented no valid grounds to reverse. If your honors have any questions about the particular allegations or rulings below, I'd be happy to answer them. Otherwise, we ask that you affirm. All right. Thank you, counsel. Thank you all for being here. You did a nice job today, plaintiffs. I know that it is a stressful place to be. So, thank you all for your time and arguments today. That is everything we have for today.